NO. COA13-1088

NORTH CAROLINA COURT OF APPEALS

Filed: 15 April 2014

STATE OF NORTH CAROLINA

v.                                    Forsyth County
                                      Nos. 11 CRS 51776, 6612, 13553
CHRISTOPHER LEON BLAKNEY,
    Defendant.


    Appeal by defendant from judgment entered 13 February 2013 by Judge William Z. Wood, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 19 February 2014.


        *Attorney General Roy Cooper, by Special Deputy Attorney General James M. Stanley, Jr., for the State.*

        *Appellate Defender Staples Hughes, by Assistant Appellate Defender Kathleen M. Joyce, for defendant-appellant.*


    BRYANT, Judge.


    Where the State presents sufficient evidence of each element of an offense, a motion to dismiss is properly denied. Where defendant can show no prejudice from irrelevant evidence admitted during an habitual felon proceeding, any error therefrom is harmless.

    On 23 February 2011, Officer Neff of the Winston-Salem Police Department observed a car speeding and crossing the

double-yellow center line while driving on Silas Creek Parkway around 10:00 p.m. Officer Neff initiated a traffic stop of the car and noticed that the driver, defendant Christopher Leon Blakney, smelled of alcohol and had glassy, bloodshot eyes. Officer Neff arrested defendant under suspicion of driving while impaired and called for assistance; Officer Allen responded.

While searching defendant's car, Officer Allen found marijuana under the center armrest. A large amount of cash was found on the car's front floorboard along with a glass Mason jar containing marijuana residue. A digital scale and batteries were also found underneath the front seats. A white shopping bag containing a box of sandwich baggies and a glass Mason jar of marijuana was found in the trunk, along with a second bag containing additional marijuana packaging supplies. Four "dime bags" of marijuana were also found in the trunk.[1] A total of 84.8 grams (2.99 ounces) of marijuana was recovered from defendant's car.

---

[1] When asked to clarify what he meant when he said "dime bag," Officer Allen testified that a "dime bag" is "a small plastic bag often used in the packaging for sale of illegal narcotics. So those who sell these -- sell narcotics break their product down to get it -- they get it in large shipments and break it down into the smaller sellable items, packages for easy transactions, very small scale and discrete transactions."

On 16 May 2011, a Forsyth County Grand Jury indicted defendant for possession with intent to sell or deliver marijuana, possession of drug paraphernalia, driving while impaired, and driving while license revoked. Defendant was also indicted as an habitual felon.

On 13 February 2013, a jury found defendant guilty of possession with intent to sell or deliver marijuana, possession of drug paraphernalia, and driving while license revoked. Defendant was found not guilty of driving while impaired. The jury also found defendant guilty of having attained the status of an habitual felon. The trial court sentenced defendant to 88 to 115 months in prison. Defendant appeals.

_____

On appeal, defendant argues that the trial court erred in: (I) denying defendant's motion to dismiss; and (II) admitting evidence of an additional felony conviction during defendant's habitual felon proceeding.

*I.*

Defendant first argues that the trial court erred in denying his motion to dismiss at the close of all the evidence. We disagree.

We review the trial court's denial of a motion to dismiss *de novo*. A motion to

> dismiss for insufficient evidence is properly denied if there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. All evidence, both competent and incompetent, and any reasonable inferences drawn therefrom, must be considered in the light most favorable to the State. Additionally, circumstantial evidence may be sufficient to withstand a motion to dismiss when a reasonable inference of defendant's guilt may be drawn from the circumstances. If so, it is the jury's duty to determine if the defendant is actually guilty.

*State v. Burton*, ___ N.C. App. ___, ___, 735 S.E.2d 400, 404 (2012) (citations and quotations omitted). "The State is entitled to every reasonable inference to be drawn from the evidence. Contradictions and discrepancies do not warrant dismissal of the case; rather, they are for the jury to resolve. Defendant's evidence, unless favorable to the State, is not to be taken into consideration." *State v. Franklin*, 327 N.C. 162, 172, 393 S.E.2d 781, 787 (1990) (citations omitted).

Defendant argues that the trial court erred in denying his motion to dismiss because the State failed to prove that defendant intended to sell or deliver marijuana. Specifically, defendant contends the State failed to prove defendant's intent

to sell or deliver marijuana because the amount of marijuana found in defendant's car was too small to be the "substantial amount" required for a possession with intent to sell or deliver marijuana conviction.

Pursuant to North Carolina General Statutes, section 90-95, the offense of possession with intent to sell or deliver has three elements: (1) possession; (2) of a controlled substance; with (3) the intent to sell or deliver that controlled substance. N.C. Gen. Stat. § 90-95(a)(1) (2013). The State may demonstrate intent through direct or circumstantial evidence. *State v. Jackson*, 145 N.C. App. 86, 89—90, 550 S.E.2d 225, 229 (2001). Although the "quantity of the controlled substance alone may suffice to support the inference of an intent to transfer, sell or deliver," it must be a substantial amount. *State v. Morgan*, 329 N.C. 654, 659—60, 406 S.E.2d 833, 835—36 (1991). "[T]he intent to sell or distribute may be inferred from (1) the packaging, labeling, and storage of the controlled substance, (2) the defendant's activities, (3) the quantity found, and (4) the presence of cash or drug paraphernalia." *State v. Nettles*, 170 N.C. App. 100, 106, 612 S.E.2d 172, 176 (2005).

The State concedes that lab testing was not completed on the marijuana collected from defendant's car. Defendant argues that because no testing was done, the total amount of marijuana collected (84.8 grams) is not accurate because this weight included marijuana seeds, stems, and other material that should have been excluded before weighing. Defendant further argues that even if the weight of the marijuana (84.8 grams) is accurate, such a small amount is consistent with personal use, rather than for sale or delivery. Defendant cites *State v. Wiggins*, 33 N.C. App. 291, 235 S.E.2d 265 (1977), and *State v. Wilkins*, 208 N.C. App. 729, 703 S.E.2d 807 (2010), in support of his argument.

In *Wiggins*, the defendant was convicted of possession with intent to sell or deliver marijuana after a total of 215.5 grams of marijuana was found growing in and around his home. This Court found that "this quantity alone, without some additional evidence, is not sufficient to raise an inference that the marijuana was for the purpose of distribution." *Wiggins*, 33 N.C. App. at 294—95, 235 S.E.2d at 268 (citations omitted).

In *Wilkins*, the defendant was stopped and arrested on several outstanding warrants. During a pat-down of the defendant, officers found three small bags of marijuana weighing

a total of 1.89 grams and $1264.00 cash in small denominations. The defendant was convicted of possession with intent to sell or deliver marijuana and manufacturing marijuana. On appeal, this Court reversed the defendant's conviction for possession with intent to sell or deliver marijuana, noting that "[t]he evidence in this case, viewed in the light most favorable to the State, indicates that defendant was a drug user, not a drug seller." *Wilkins*, 208 N.C. App. at 733, 703 S.E.2d at 811.

We find *Wiggins* and *Wilkins* to be inapposite to the instant case. The State presented evidence that defendant's car contained a total of 84.8 grams of marijuana found in the body and trunk of the car, and the marijuana was found in multiple containers including two "previously vacuum sealed bags," two sandwich bags, four "dime bags," and five other types of bags. Marijuana was also found in two glass Mason jars. A box of sandwich bags was found in the trunk, and digital scales were found underneath the front seats of the car. This evidence showed not only a significant quantity of marijuana, but the manner in which the marijuana was packaged (such as four "dime bags") raised more than an inference that defendant intended to sell or deliver the marijuana. Further, the presence of items commonly used in packaging and weighing drugs for sale — a box

of sandwich bags and digital scales — along with a large quantity of cash in small denominations provided additional evidence that defendant intended to sell or deliver marijuana, as opposed to merely possessing it for his own personal use as was determined to be the case in *Wiggins* and *Wilkins*. Therefore, taking the evidence in the light most favorable to the State, sufficient evidence of possession with intent to sell or deliver marijuana was presented to survive defendant's motion to dismiss. *See State v. Baxter*, 285 N.C. 735, 738, 208 S.E.2d 696, 698 (1974) ("The jury could reasonably infer an intent to distribute from the amount of the substance found, the manner in which it was packaged and the presence of other packaging materials."), *overruled in part on other grounds by State v. Childers*, 41 N.C. App. 729, 255 S.E.2d 654 (1979). Defendant's argument is overruled.

## *II.*

Defendant next argues that the trial court erred in admitting evidence of an additional felony conviction at defendant's habitual felon proceeding. Specifically, defendant contends that by not redacting a second consolidated felony offense contained within a judgment offered into evidence by the

State, the trial court committed error pursuant to Rules 401, 403, 404(b), and 609. We disagree.

On appeal, in reviewing a trial court's rulings under Rule 401 and 403, this Court has held that:

> Although the trial court's rulings on relevancy technically are not discretionary and therefore are not reviewed under the abuse of discretion standard applicable to Rule 403, such rulings are given great deference on appeal. Because the trial court is better situated to evaluate whether a particular piece of evidence tends to make the existence of a fact of consequence more or less probable, the appropriate standard of review for a trial court's ruling on relevancy pursuant to Rule 401 is not as deferential as the 'abuse of discretion' standard which applies to rulings made pursuant to Rule 403.

*State v. Tadeja,* 191 N.C. App. 439, 444, 664 S.E.2d 402, 407 (2008) (citation omitted). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2013). "[E]vidence is relevant if it has any logical tendency, however slight, to prove a fact in issue in the case." *State v. Hannah,* 312 N.C. 286, 294, 322 S.E.2d 148, 154 (1984) (citation omitted). "Although relevant, evidence may be excluded if its probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403 (2013).

North Carolina General Statutes, section 14-7.1, states that a person may be charged as an habitual felon if he "has been convicted of or pled guilty to three felony offenses." N.C. Gen. Stat. § 14-7.1 (2013). For an habitual felon charge, the prior felony convictions of a defendant may be proven by "stipulation of the parties or by the original or a certified copy of the court record of the prior [felony] conviction [pursuant to] N.C. Gen. Stat. § 14-7.4." *State v. Gant,* 153 N.C. App. 136, 143, 568 S.E.2d 909, 913 (2002). "[T]he preferred method for proving a prior conviction includes the introduction of the judgment itself into evidence." *State v. Maynard,* 311 N.C. 1, 26, 316 S.E.2d 197, 211 (1984) (citation omitted).

The State, in prosecuting the habitual felon charge against defendant, introduced into evidence certified copies of three prior judgments: judgment for possession with intent to sell/deliver cocaine entered on 8 May 1997; judgment for possession with intent to manufacture, sell and deliver cocaine

entered on 8 October 1998; and judgment for possession with intent to sell or deliver marijuana entered on 8 May 2003. Each judgment included a copy of the corresponding plea transcript. The judgment which defendant challenges, entered 8 May 1997, involved two felony convictions, each for possession with intent to sell or deliver cocaine, which had been consolidated into one judgment. Defendant argues that the trial court's refusal to redact one of the two felony convictions attached to the judgment was highly prejudicial to him. We disagree. While the additional felony conviction was irrelevant in determining whether defendant was an habitual felon, defendant has not demonstrated how this evidence prejudiced him.

> Defendant bears the burden of proving the testimony was erroneously admitted and he was prejudiced by the erroneous admission. The admission of evidence which is technically inadmissible will be treated as harmless unless prejudice is shown such that a different result likely would have ensued had the evidence been excluded.

*State v. Moses,* 350 N.C. 741, 762, 517 S.E.2d 853, 867 (1999) (citations and quotation omitted).

In admitting the judgments into evidence, the trial court denied defendant's redaction request as to the consolidated judgment, noting that "[defendant] pled to whatever he pled to. It was just consolidated." The trial court then gave jury

instructions as to the habitual felon charge which directed and limited the jury's consideration of the evidence to three specific felony convictions only. As such, the record reflects nothing to indicate that defendant was prejudiced by the inclusion of the additional conviction. Moreover, defendant has not challenged the validity of the prior convictions, the plea transcripts, or the resulting judgments. "Given the overwhelming and uncontradicted evidence of the three felony convictions, there is essentially no likelihood that a different result . . . would have ensued if the trial court had redacted [the additional conviction]." *State v. Ross*, 207 N.C. App. 379, 400, 700 S.E.2d 412, 426 (2010) (citation, quotation and bracket omitted). Accordingly, defendant's argument is overruled.

No error.

Judges STEPHENS and DILLON concur.