BRYANT, Judge.
*174 Where the trial court did not violate Rule 106 or otherwise abuse its discretion by admitting into evidence a detective's handwritten notes after defendant opened the door to this evidence during cross-examination, we find no error.
The State's evidence tended to show that Danny Stanley purchased a .40-caliber Glock handgun from defendant Sammy Lee Hensley Sr. in "roughly October of [20]13." The transaction occurred in a trailer belonging to defendant's mother. Defendant personally handed the gun to Stanley, and Stanley paid defendant $300.00. During the exchange, defendant assured Stanley that "the gun was clean, wasn't stolen." Later, however, defendant told Stanley that he " 'stole [the gun] out of a car in Louisiana.' " Stanley contacted a friend in the Burke County Sheriff's Office and "asked him if he would run that gun to see if it was stolen." The friend advised him that the gun was stolen and referred the matter to Detective Melanie Robinson in the Criminal Investigations Division.
On 3 October 2014, Stanley met with Detective Robinson and surrendered the handgun purchased from defendant. Detective Robinson traced the gun's serial number through the National Criminal Information Center database and confirmed the gun had been reported stolen in Louisiana. Though "very reluctant" to reveal how he had obtained the weapon, Stanley eventually told Detective Robinson that he bought it from "Sammy Hensley, Sr."
Detective Robinson interviewed defendant at the Sheriff's Office on 17 October 2014 after he was arrested on unrelated charges. During the course of the interview, defendant acknowledged having " 'sold a gun to Sam [Stanley] or his father, Dan.' He didn't remember which one." Defendant reviewed and signed a written statement prepared by Detective Robinson on the afternoon of 17 October 2014, stating as follows:
Back towards the middle of 2013, ... Danny [Hall] came to me & he had a couple of guns-a Glock & a .38 [c]aliber pistol. Danny asked me to help him out & sell the gun cause he needed money for morphine for his pain. I called up Sam Stanley & he asked his Daddy. Then I sold the gun *175 to them for Danny & I didn't keep any of the money. I don't remember what they paid for it. The reason I don't remember is it was so long ago. I also didn't take a cut because Danny was my friend & would give me morphine for my leg when I was out of my meds....
After obtaining defendant's statement, Detective Robinson contacted Stanley and *747 asked if he would be willing to give a written statement now that defendant had admitted selling him the gun. Stanley met Detective Robinson at the Sheriff's Office on 23 October 2014 and signed a written statement describing the transaction.
At trial, the State presented two witnesses-Detective Robinson and Danny Stanley. Detective Robinson's direct examination was limited mainly to her investigation of the case, including discussions with Stanley, and the fact that she talked to defendant, but not the substance of her conversation with defendant. At that point, the State noted that it had completed its questioning of Detective Robinson "subject to being ... allowed to recall her after Mr. Stanley's testimony to corroborate his statement, if in fact it [did corroborate his statement], and also to introduce what the defendant told her...." Defense counsel noted no objection to the State proceeding in that manner.
Defense counsel then proceeded to conduct an extensive cross-examination of Detective Robinson, including questions about three pages of handwritten notes she had taken during her interview with defendant on 17 October 2014:
Q. The bottom of page 1, the last sentence, what's written in your notes?
A. (As read) "Denies all involvement with any guns."
Q. And this is [defendant's] statement to you, correct?
A. This is his statement prior to me questioning him about this case. I interviewed him on multiple cases that day.
Q. So but if he denies any involvement with guns, you didn't put that in his statement, though, that you wrote, right?
....
A. It-No, I did not. It did not have any bearing on this statement as I was writing it. He, he made-Whenever I made this note, everything's chronological. When I take *176 my notes, I take them in chronological order. And as you review them, you will be able to follow and see what case we were discussing as I was writing it. And I had not yet began [sic] to question him in reference to this firearm when he made that comment.
Q. Well, let's talk about when you started questioning about this firearm....
Later, on redirect, the State asked Detective Robinson about her reference to defendant denying "all involvement with any guns" including the gun sold to Stanley:
Q. [Defense counsel] pointed you out to certain segments of both ... Stanley's statement and [defendant's] statement.
A. Yes, sir.
Q. At one point he asked you to look at handwritten notes that you took from ... defendant. And he wanted you to specifically read a segment where at the bottom of the page he said he denied all involvement with any guns. What was that specific question in ref-or answer in reference to?
A. When he made that statement to me, that was right after he informed me that he was a convicted felon.
Q. Was it in reference, though, to this gun, this Glock .40 caliber 20-Model 22 or another gun?
A. No, sir. It was not in reference to that. It was-It wasn't in reference to any gun. It was just something that came up in the conversation when he was basically telling me some of his criminal past.
... When I asked him if he had any guns, he says, "No, I don't mess with"-something along the lines of, "No, I don't mess with guns. I don't have any guns." He did make that statement.
And that's when I wrote, (as read) "Denies all involvement with any guns." But this was prior-We discussed two other cases before I questioned him about this firearm. And this was a statement made early on in the interview .
(Emphasis added).
*177 After Stanley testified, Detective Robinson was recalled to testify and the trial court admitted, inter alia , three documents into evidence: defendant's written statement signed on 17 October 2014, Detective Robinson's handwritten notes taken during her interview with defendant that same day, and Stanley's written statement signed on 23 October *748 2014. The documents were then published to the jury by being read aloud by Detective Robinson.[1] Defendant presented no direct evidence at trial. During its deliberations, the jury requested and received paper copies of defendant's and Stanley's written statements, but not Detective Robinson's notes.
The jury found defendant guilty of possession of a firearm by a convicted felon. Upon his guilty plea to attaining habitual felon status, the trial court sentenced him to an active term of 100 to 132 months. Defendant filed timely notice of appeal from the judgment.
_________________________
On appeal, defendant claims the trial court abused its discretion by admitting into evidence certain portions of Detective Robinson's handwritten notes from his interview on 17 October 2014. Specifically, defendant contends (I) the prosecutor's Rule 106 request was not made contemporaneously with defense counsel's alleged misleading or incomplete use of the handwritten notes and further, that those notes were not relevant to the portion already admitted. Defendant also contends (II) the probative value of the handwritten notes was substantially outweighed by their undue prejudice, pursuant to Rule 403. We disagree.
I. Rule 106
In challenging the trial court's decision to admit Detective Robinson's notes into evidence, defendant first contends the State's proffer of the notes failed to satisfy the contemporaneity requirement of the "rule of completeness" codified in N.C. Gen. Stat. § 8C-1, Rule 106 (2015):
When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.
Id. "The purpose of the 'completeness' rule codified in Rule 106 is merely to ensure that a misleading impression created by taking matters out of *178 context is corrected on the spot, because of 'the inadequacy of repair work when delayed to a point later in the trial.' " State v. Thompson , 332 N.C. 204, 220, 420 S.E.2d 395, 403-04 (1992) (quoting United States v. LeFevour , 798 F.2d 977, 981 (7th Cir. 1986) ).
"A trial court's decision in determining whether an excluded portion ought to be admitted under Rule 106 will not be reversed on appeal in the absence of a showing of an abuse of discretion." State v. Hall , 194 N.C. App. 42, 50, 669 S.E.2d 30, 36 (2008) (citing Thompson , 332 N.C. at 220, 420 S.E.2d at 403 ). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." State v. Hennis , 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988) (citation omitted).
Citing State v. Lloyd , 354 N.C. 76, 552 S.E.2d 596 (2001), defendant observes that the prosecutor did not seek to introduce the full text of the notes at the time Detective Robinson was cross-examined about her notation, "Denies all involvement with any guns." See id. at 96, 552 S.E.2d at 612-13 (addressing the defendant's Rule 106 argument).
In Lloyd , the trial court refused to allow the defendant to introduce previously-excluded portions of his statement to police after "other parts of [his] police statement had been introduced by the State." Id. at 96, 552 S.E.2d at 613. Our Supreme Court rejected the defendant's claim that the exclusion of the additional portions of his statement violated Rule 106, explaining that the "defendant's argument fails, because he did not seek to introduce the excluded parts of his police statement contemporaneously as required by statute, but instead sought to introduce them on rebuttal." Id. (citation omitted).
The Lloyd Court upheld the trial court's decision to exclude evidence based on the contemporaneity requirement of Rule 106. It does not follow that a trial court would lack the discretion to admit similar evidence under the same circumstances. See *749 N.C. Gen. Stat. § 15A-1226(b) (2015) ("The judge in his discretion may permit any party to introduce additional evidence at any time prior to verdict."); Thompson , 332 N.C. at 220, 420 S.E.2d at 403 ("The standard of review [under Rule 106 ] is whether the trial court abused its discretion." (citation omitted)).
In the instant case, the transcript shows defense counsel objected when the prosecutor sought to admit the full text of the notes. On voir dire , defense counsel acknowledged having cross-examined Detective Robinson about the phrase on the first page of her notes, "Denies all involvement with any guns." But when the court asked for "the grounds of [his] objection," defense counsel replied, "I would object to the whole *179 statement being admitted. I would argue that the probative value of those-that other information is outweighed by the extreme prejudice that would be caused to the defendant." Defense counsel made no specific Rule 106 objection at trial.
"Our Supreme Court 'has long held that where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount' in the appellate courts." State v. Holliman , 155 N.C. App. 120, 123, 573 S.E.2d 682, 685 (2002) (citations omitted) (quoting State v. Sharpe , 344 N.C. 190, 194, 473 S.E.2d 3, 5-6 (1996) ). Accordingly, this argument is waived by defendant. See id. at 124, 573 S.E.2d at 686. However, even if defendant's Rule 106 argument were properly before us, it would still fail.
Here, the prosecutor observed that it was defense counsel who first asked Detective Robinson about her notes, "specifically with that one sentence from the bottom of page 1." In order to "put it all into context," the prosecutor argued that "the whole thing should be introduced." The trial court addressed defendant's objection as follows:
THE COURT: ... I agree with [the prosecutor], that you, you opened the door to this, specifically by asking [Detective Robinson] about something that was not related to this incident on the bottom of page 1.
Knowing that this was taken in chronological order, or should have known that this was taken in chronological order, asking her about the specific statement of your client "Denies all involvement with any guns," which was unrelated completely to this investigation, I think opens the door to things unrelated to this investigation. You can't ask a question like that, raise the suspicion and the, the confusion in the minds of the jury, and then step back and hide behind it.
Defense counsel then argued that there were specific parts of the detective's notes which were more prejudicial than probative. But the trial court overruled each of defense counsel's objections to certain portions of the detective's notes being read into evidence.
After the jury returned to the courtroom, Detective Robinson read aloud the full first page of her notes:
(As read) "I didn't go to court, because I didn't have money. Ryan Willis bought flatscreen TV from me with [two ] fake hundred dollar bills. Got TV, traded 10 roxies *180 for it. Went to Kmart and used bill to try to buy Prilosec. Cashier told me it was fake. I left. M.D.P.S. C. Daniels came and interviewed me. I told him I got it from Ryan.
"Jacob told Sam Stanley he and Natalie had stolen some guy Rafe's gun. Me, Jacob, and Sam hung out together. Sam's daddy likes guns. I never saw the gun, don't know what kind it was. Heard Rafe's daddy was pissed and was going to whip his ass.
"I'm a convicted felon since 1985. I really can't tell you nothing. I wished I could, you know. Thirteen days in Albany, New York, for grand theft auto .["] Stolen from here. Caught at restaurant by New York. Boy stole from his momma back in '85 . Denies all involvement with any guns...."
(Emphasis added).
In essence, defendant argues it was error for the trial court to permit the State to publish to the jury the entirety of Detective Robinson's handwritten notes non-contemporaneously with the portion testified to on cross-examination. Defendant's reliance on the contemporaneity requirement of Rule 106 *750 is misplaced, particularly where, as here, defense counsel opened the door to the detective's notes during cross-examination and then objected to the admission of the full statement being read to the jury, arguing that specific portions of the notes were "more prejudicial than probative." It was only after defense counsel "opened the door" by taking a portion of defendant's statement out of context so as to be misleading that Detective Robinson's notes regarding criminal activity that might otherwise be inadmissible were allowed by the trial court to correct the misleading impression created by defendant. The trial court's actions were entirely consistent with the purposes of Rule 106.
Unlike in Lloyd , a capital murder trial which appeared to span almost a month, see 354 N.C. at 79-80, 552 S.E.2d at 603, where the Supreme Court rejected defendant's Rule 106 argument when he sought to introduce evidence in rebuttal, see 354 N.C. at 96, 552 S.E.2d at 612-13, here, defendant's trial lasted only two days and Detective Robinson's notes were introduced during the State's direct case. On these facts, we reject defendant's claim that the contemporaneity requirement of Rule 106 was violated. See State v. Melvin , No. COA-09-62-2, 212 N.C. App. 693, 2011 WL 2462570, at *3 (N.C. Ct. App. June 21, 2011) (unpublished) (noting that where the defendant initially introduced letters at trial to impeach a witness, *181 the State was entitled to submit the letters in their entirety pursuant to Rule 106, which the State did on redirect).[2] The trial court did not abuse its discretion. Defendant's argument is overruled.
II. Rule 403
Defendant next claims the trial court erred in admitting the challenged portions of Detective Robinson's notes because they were not relevant to the charge at issue. See N.C. Gen. Stat. § 8C-1, Rules 401 - 02 (2015). We hold that defendant "opened the door" to the first page of Detective Robinson's interview notes by eliciting testimony about the notation "Denies all involvement with any guns" during her cross-examination.
As our Supreme Court has explained,
"[t]he law wisely permits evidence not otherwise admissible to be offered to explain or rebut evidence elicited by the defendant himself. Where one party introduces evidence as to a particular fact or transaction, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even though such latter evidence would be incompetent or irrelevant had it been offered initially."
State v. Anthony , 354 N.C. 372, 415, 555 S.E.2d 557, 585-86 (2001) (alteration in original) (internal citations omitted) (quoting State v. McNeil , 350 N.C. 657, 682, 518 S.E.2d 486, 501 (1999) ). The first page of Detective Robinson's notes, which recounted defendant's self-reported criminal history, was admissible to dispel the favorable inference created by defendant's selective introduction of a single phrase found at the bottom of the page. See State v. Ratliff , 341 N.C. 610, 614-16, 461 S.E.2d 325, 327-28 (1995). By contextualizing the phrase, "Denies all involvement with any guns," the remaining text tended to show that defendant's seeming denial was unrelated to his sale of the firearm to Stanley in 2013.
Defendant further claims the trial court's admission of the challenged evidence amounted to an abuse of discretion under N.C.G.S. § 8C-1, Rule 403, because "the probative value of challenged notes was substantially outweighed by their undue prejudice." By referring to defendant trading "roxies," using counterfeit money, and serving *182 "13 days in Albany N.Y. for grand theft auto" in 1985, he contends the notes created an "intolerable " risk that the jury based its verdict on impermissible factors other than the substantive evidence of his guilt. Defendant also suggests the court failed to undertake "a proper Rule 403 balancing analysis" by weighing the probative value of the challenged *751 notes against the risk they posed of unfair prejudice. We disagree.
Rule 403 provides that otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." N.C.G.S. § 8C-1, Rules 403. "Whether to exclude evidence under Rule 403 is a matter within the sound discretion of the trial court." State v. Penley , 318 N.C. 30, 41, 347 S.E.2d 783, 789 (1986) (citation omitted). "A trial court may be reversed for abuse of discretion only upon a showing that its ruling was manifestly unsupported by reason and could not have been the result of a reasoned decision." Id. (quoting State v. Riddick , 315 N.C. 749, 756, 340 S.E.2d 55, 59 (1986) ).
While the evidence defendant argues should have been excluded is certainly prejudicial, we cannot say that the trial court abused its discretion in admitting the evidence. And, while we are not conducting a plain error review, we note for the record that significant evidence exists-from the direct witness testimony of Mr. Stanley to defendant's unchallenged admission to selling the gun-such that it is not likely a different result would have been obtained at trial had the evidence been excluded.
Further, this Court has held that, "[w]here ... a party is responsible for 'opening the door' with respect to certain evidence, that party may not complain of unfair prejudice resulting from its admission." Everhart v. O'Charley's Inc. , 200 N.C. App. 142, 148, 683 S.E.2d 728, 735 (2009) (citing State v. Wilson , 151 N.C. App. 219, 226, 565 S.E.2d 223, 228 (2002) ). But cf . State v. Cotton, 329 N.C. 764, 765-69, 407 S.E.2d 514, 516-18 (1991) (addressing but rejecting defendant's argument under Rule 403 ). Having created the impression that he "[d]enie[d] all involvement with any guns" when questioned about the firearm sold to Stanley, defendant cannot complain of unfair prejudice when the trial court allowed the State's evidence that defendant's denial pertained to his criminal history prior to this incident. See Cotton , 329 N.C. at 769, 407 S.E.2d at 518. We find no abuse of discretion by the trial court.
NO ERROR.
Judge STROUD concurs by separate opinion.
Judge DAVIS concurs in the result only.

Stanley's statement was proffered to corroborate his trial testimony.

We note with approval the concurring opinion setting forth the possible peril in courts citing to unpublished opinions. We retain the cite to the above unpublished opinion as an example of the importance of the role such opinions play as in the instant case, but also the possibility of unintended consequences that may arise if non-precedential case law "bleeds over" into precedential case law.