BRYANT, Judge.
Defendant Keith King appeals from judgments entered upon jury verdicts finding him guilty of larceny after breaking and entering, felony breaking and entering, and habitual breaking and entering. Where defendant has failed to show that he was unfairly prejudiced by the admission of prior convictions, we find no error.
On 9 January 2015, approximately 5:00 a.m., a Charlotte-Mecklenburg Police Department officer responded to an alarm at a restaurant. When the officer arrived, he observed defendant pushing a shopping cart in front of the restaurant. The cart contained a variety of both opened and unopened wine and liquor bottles. The manager of the restaurant arrived shortly thereafter and identified the bottles as those belonging to the restaurant. The manager then retrieved security footage from the restaurant, which showed a man entering through a window near the bar, taking numerous bottles from inside, and then walking out of the front door.
Defendant was arrested and indicted for larceny after breaking and entering, felony possession of stolen goods, felony breaking and entering, and attaining the status of an habitual breaking and entering offender and an habitual felon. The case was called for trial on 31 July 2017. Defendant testified and admitted that he had multiple prior convictions within the previous ten years, including a guilty plea on 24 June 2014 to felony breaking and entering and larceny after breaking and entering. On 1 August 2017, the jury returned verdicts finding defendant guilty of the three substantive felonies.
The State then proceeded to trial on the habitual felon status offense. It presented certified copies of three prior felony judgments against defendant: (1) a 27 February 1992 judgment for felony breaking and entering; (2) an 11 March 2011 judgment for felony attempt to obtain property by false pretenses; and (3) a 24 June 2014 judgment for felony breaking and entering and larceny after breaking and entering. Prior to instructing the jury, the trial court noted a variance between the date of conviction alleged in the indictment and the date of the judgment introduced at trial as to one of the offenses. As a result, defendant moved to dismiss the indictment, and that motion was allowed.
The State then proceeded to trial for the habitual breaking and entering status offense. Defendant moved to dismiss that indictment or, in the alternative, for a mistrial because of the unfair prejudice resulting from the jury hearing evidence of defendant's prior convictions during his habitual felon trial. The trial court denied the motion. The State then introduced the judgment from defendant's 24 June 2014 convictions for felony breaking and entering and larceny after breaking and entering. At the close of the evidence and again after the court had instructed the jury, defendant moved to dismiss the charges. The court denied the motions, but provided a curative instruction stating that the jury was not to consider the evidence of prior convictions introduced during the habitual felon trial. Defense counsel moved for a mistrial after this instruction, and the motion was denied.
On 2 August 2017, the jury returned a verdict finding defendant guilty of the habitual breaking and entering status offense. The trial court arrested judgment as to the possession of stolen goods offense and then sentenced defendant to two consecutive sentences totaling 70 to 103 months of imprisonment. Defendant gave oral notice of appeal.
_________________________
On appeal, defendant argues the trial court erred by denying his motions to dismiss. Specifically, defendant contends that he was denied a fair hearing on the habitual breaking and entering status offense, because the same jury which convicted him had just heard evidence of his multiple prior felony convictions. We disagree.
"This Court reviews the trial court's denial of a motion to dismiss de novo. " State v. Smith , 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). N.C. Gen. Stat. § 14-7.26 provides:
[a]ny person who has been convicted of or pled guilty to one or more prior felony offenses of breaking and entering in any federal court or state court in the United States, or combination thereof, is guilty of the status offense of habitual breaking and entering and may be charged with that status offense pursuant to this Article.
N.C. Gen. Stat. § 14-7.26 (2017). "If the jury finds the defendant guilty of the felony offense of breaking and entering, the bill of indictment charging the defendant as a status offender may be presented to the same jury." Id . § 14-7.30(b) (2017).
In the instant case, defendant argues he was unfairly prejudiced because the intervening habitual felon trial exposed the jury to more of his prior convictions. However, his argument is without merit as defendant had already testified during the substantive felony phase of his trial to which he admitted to pleading guilty to felony breaking and entering on 24 June 2014; as alleged in his habitual breaking and entering indictment.[1] That prior conviction, which was listed in the indictment, met the requirements under N.C.G.S. § 14-7.26 to convict defendant for the habitual breaking and entering status offense.
Moreover, this Court has held that any possible prejudice with respect to extraneous prior convictions introduced during a habitual felon trial is rendered harmless by use of a curative instruction. See State v. Lotharp , 148 N.C. App. 435, 445, 559 S.E.2d 907, 812 (2002) ("The trial court, however, did issue a limiting instruction for all three convictions directing the jury to consider only the convictions relating to the habitual felon proceeding. Defendant has failed to show that the admission of the irrelevant felonies unfairly prejudiced the outcome ...."), reversed on other grounds , 356 N.C. 420, 571 S.E.2d 583 (2002) ; see also State v. Blakney , 233 N.C. App. 516, 522, 756 S.E.2d 844, 848 (2014) (noting that the trial court "gave jury instructions as to the habitual felon charge which directed and limited the jury's consideration of the evidence to three specific felony convictions only," and thus, "the record reflects nothing to indicate that [the] defendant was prejudiced by the inclusion of the additional conviction").
Here, the trial court gave the following limiting instruction:
Members of the jury, you're being brought out now for a curative instruction. That is, to cure any potential misunderstanding you may have at this point in the trial. Earlier today there was evidence presented to you at the habitual felon status of Mr. King's trial that gave you indication of prior felony charges that may have been charged or convicted to Mr. King. You're not to consider those prior charges at all in this deliberation.
There was evidence presented of a conviction for breaking and entering from Craven County. There was evidence presented of an attempted obtaining false [pretenses] conviction from Cabarrus County, and then there was duplicitous evidence regarding the felony breaking and entering charge.
You're not to consider any of that evidence that you heard in the habitual felon stage at this habitual breaking and entering stage. You're only to consider the evidence presented to you in this case, which was State's Exhibit No. 24. Is that? Yeah. State's Exhibit. 24. That's the only evidence you are to consider in making this habitual breaking and entering status determination. Do you understand that?
....
Okay. You're not to consider any of that prior habitual felon status evidence in any way, shape, or fashion. Okay. If you'll go back to the jury room.
The jury is presumed to have followed the trial court's instruction. See Blakney , 233 N.C. App. at 522, 756 S.E.2d at 848. Defendant has failed to show the trial court erred by denying his motions to dismiss the habitual breaking and entering status offense. Therefore, we conclude he received a fair trial, free from prejudicial error.
NO ERROR.
Report per Rule 30(e).
Judges TYSON and ARROWOOD concur.

While defendant claimed he only "pleaded guilty to get out of jail," he did not dispute the conviction itself.