An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-801

Filed 20 May 2026

Randolph County, No. 19CR051627-750

STATE OF NORTH CAROLINA

v.

MARCO ANTONIO ARZAMENDIA, Defendant.

Appeal by Defendant from judgment entered 6 February 2024 by Judge Taylor Browne in Randolph County Superior Court. Heard in the Court of Appeals 4 April 2025.

> *Todd Neal Law, by Attorney Todd Houston Neal, for the Defendant-Appellant.*
>
> *Attorney General Joshua H. Stein, by Assistant Attorney General Tracy Berry, for the State-Appellee.*

STADING, Judge.

Marco Antonio Arzamendia ("Defendant") appeals his convictions for felony possession of marijuana and possession with intent to sell or deliver marijuana. On appeal, Defendant presents a single issue for our consideration as he contends that the trial court erred in denying his motion to dismiss both charges due to insufficient

evidence that the seized substance was illegal marijuana rather than legal hemp. After carefully reviewing the record, we hold no error.

## I. Background

Evidence tends to show that on the night of 20 March 2019, law enforcement officers of the Asheboro Police Department ("APD") were dispatched to an apartment in response to a 911 call about a shooting. APD Officer Noah Phillips arrived and encountered a visibly frantic man who feared his brother had been injured inside the apartment. In response, Officer Phillips sought to locate any victims and entered the apartment. Upon entry, he detected a strong odor of what he recognized as marijuana emanating from inside the apartment. During his initial sweep for injured persons or suspects, Officer Phillips observed a small scale in the bathroom, which he noted was not a body-weight scale. Officer Phillips then exited the apartment. About 10 to 20 minutes later, Defendant and another individual arrived at the scene.

APD Officer Joshua Macon secured a search warrant for the apartment, which officers executed later that night. During the search, APD Sergeant Corey Hatfield discovered a vacuum-sealed plastic bag containing a large quantity of green plant material hidden inside a shoebox in a bathroom cabinet. The substance was suspected to be marijuana, seized as evidence, and sent to the North Carolina State Crime Laboratory for analysis. On the cabinet's counter, Sergeant Hatfield also found a prescription pill bottle labeled with Defendant's name.

The Randolph County Grand Jury returned a bill of indictment against Defendant for felony possession of marijuana and possession with intent to sell or deliver marijuana.

During trial, Shannon Gordon, a forensic scientist, testified about a series of tests she conducted on the recovered substance. Ms. Gordon performed a colorimetric test and a gas chromatography-mass spectrometry (GC-MS) analysis, which she described as a "fingerprint for known substances." The GC-MS testing indicated the substance was from the cannabis genus and contained several cannabinoids, including tetrahydrocannabinol (THC). Ms. Gordon testified that while the tests confirmed the presence of THC, they did not determine the concentration of THC in the sample. In other words, the laboratory could not say whether the substance contained more than 0.3% delta-9 THC.

At the close of the State's evidence, Defendant moved to dismiss both charges for insufficient evidence, arguing the State failed to prove the seized substance was illegal marijuana as defined by law. The trial court denied the motion. Defendant did not present evidence. The jury thereafter returned guilty verdicts on both charges. The trial court consolidated the convictions for judgment and sentenced Defendant to a term of 4 to 14 months imprisonment, suspended for 24 months of supervised probation. Defendant entered oral notice of appeal in open court on the day of sentencing.

## II.   Analysis

On appeal, Defendant argues the trial court erred in denying his motion to dismiss because the State's evidence was insufficient to establish that the substance seized from the apartment was marijuana rather than legal hemp.

"Whether the State presented substantial evidence of each essential element of the offense is a question of law; therefore, we review the denial of a motion to dismiss de novo." *State v. Golder,* 374 N.C. 238, 250, 839 S.E.2d 782, 790 (2020) (citations omitted).   When a deciding a motion to dismiss, "the trial court need determine only whether there is substantial evidence of each essential element of the crime and that the defendant is the perpetrator." *State v. Winkler*, 368 N.C. 572, 574, 780 S.E.2d 824, 826 (2015) (citations omitted); *see also State v. Fritsch*, 351 N.C. 373, 379, 526 S.E.2d 451, 455 (2000).   "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Worley*, 198 N.C. App. 329, 333, 679 S.E.2d 857, 861 (2009) (citation modified).   "When reviewing a sufficiency of the evidence claim, this Court considers whether the evidence, taken in the light most favorable to the State and allowing every reasonable inference to be drawn therefrom, constitutes substantial evidence of each element of the crime charged." *State v. Taylor*, 362 N.C. 514, 538, 669 S.E.2d 239, 261 (2008) (citation modified).

Under N.C. Gen. Stat. § 90-95(d)(4) (2025), possession of more than one and one-half ounces of a Schedule VI controlled substance is punishable as a Class I

felony. "Possession of more than one and one-half ounces of marijuana is thus an essential element of the crime of felony possession of marijuana." *State v. Partridge*, 157 N.C. App. 568, 571, 579 S.E.2d 398, 400 (2003) (citation omitted). Also, N.C. Gen. Stat. § 90-95(a) (2025) makes it "unlawful for any person: (1) [t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." To obtain a conviction for possession of marijuana with the intent to sell or deliver, the State must prove the following: "(1) possession; (2) of a controlled substance; with (3) the intent to sell or deliver that controlled substance." *State v. Blakney*, 233 N.C. App. 516, 519, 756 S.E.2d 844, 846 (2014) (citation omitted). We have held that while "intent to sell or deliver may be shown by direct evidence, it is often proven by circumstantial evidence from which it may be inferred." *State v. Wilkins*, 208 N.C. App. 729, 731, 703 S.E.2d 807, 809 (2010) (citation modified). Such intent "may be inferred from (1) the packaging, labeling, and storage of the controlled substance, (2) the defendant's activities, (3) the quantity found, and (4) the presence of cash or drug paraphernalia." *State v. Nettles*, 170 N.C. App. 100, 106, 612 S.E.2d 172, 176 (2005) (citation omitted).

Under North Carolina law, marijuana is defined as any part of the cannabis plant containing more than 0.3% delta-9 THC, while cannabis material containing 0.3% or less THC is considered legal hemp. *See* N.C. Gen. Stat. § 90-94(a)-(b) (2025). The State bears the burden of proving that the seized substance is marijuana. *See State v. Carter*, 255 N.C. App. 104, 106, 803 S.E.2d 464, 466 (2017) (quoting *State v.*

*Ward*, 364 N.C. 133, 147, 694 S.E.2d 738, 747 (2010) ("In the context of a controlled substance case, 'the burden is on the State to establish the identity of any alleged controlled substance that is the basis of the prosecution.' ").

Defendant asserts that the State failed to meet its burden of proof. In Defendant's view, the State's case rested "almost exclusively" on an officer's testimony about smelling marijuana and the lab analyst's identification of the plant as cannabis—evidence which, he contends, points to the substance being legal hemp. Yet, contrary to Defendant's urging, "our courts have never held [a chemical analysis] is necessary" to allow a jury to determine whether a substance was marijuana or hemp." *State v. Massey*, 287 N.C. App. 501, 511, 882 S.E.2d 740, 749 (2023); *see also State v. Osborne*, 372 N.C. 619, 630–31, 831 S.E.2d 328, 336 (2019). Instead, we have consistently affirmed that testimony identifying a substance as marijuana—from a law enforcement officer as well as a forensic expert—is sufficient to take the matter to the jury. *See Booth*, 286 N.C. App. at 78–80, 879 S.E.2d at 376–77; *Massey*, 287 N.C. App. at 511, 882 S.E.2d at 749; *State v. Duncan*, 286 N.C. App. 159, 878 S.E.2d 682 (2022) (unpublished); *State v. Johnson*, 225 N.C. App. 440, 455, 737 S.E.2d 442, 451 (2013); *State v. Mitchell*, 217 N.C. App. 401, 720 S.E.2d 29 (2011) (unpublished).

Moreover, as analyzed below, we reject Defendant's characterization of the State's case as "exclusive" reliance on the officer's smell and the lab test. While those were important components of the evidence, they were corroborated and contextualized by the surrounding circumstances. *See, e.g.*, *Booth*, 286 N.C. App. at

79, 879 S.E.2d at 376.  Our case law reflects the great deference courts must give to the role of jurors who determine the weight of evidence.  *See, e.g., State v. Earnhardt*, 307 N.C. 62, 66, 296 S.E.2d 649, 652 (1982) (citation omitted) ("[I]f there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury."). "The trial court's function is to determine whether the evidence allows a '*reasonable inference*' to be drawn as to the defendant's guilt of the crimes charged."  *Id.* at 67, 296 S.E.2d at 652 (citation omitted) (emphasis in original).  "The jury's role is to weigh evidence, assess witness credibility, assign probative value to the evidence and testimony, and determine what the evidence proves or fails to prove."  *State v. Moore*, 366 N.C. 100, 108, 726 S.E.2d 168, 174 (2012) (citations omitted).  In other words, "[o]nce the [trial] court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, *taken singly or in combination*, satisfy it beyond a reasonable doubt that the defendant is actually guilty."  *Fritsch*, 351 N.C. at 379, 526 S.E.2d at 455 (citation modified).

Despite the distinction between hemp and marijuana, the evidence in this case, taken in the light most favorable to the State and allowing every reasonable inference to be drawn therefrom, permits a reasonable juror to conclude that Defendant was guilty of the charged offenses.  *See Taylor*, 362 N.C. at 538, 669 S.E.2d at 261; *see also*

*State v. Adams*, 285 N.C. App. 379, 384, 877 S.E.2d 721, 726 (2022). Applying the law here, the jury was presented with evidence of the following: Officer Phillips testified that there was "an evident smell of marijuana when you walked into the apartment." *See Matias*, 354 N.C. at 552, 556 S.E.2d at 271. Further, evidence was admitted that law enforcement discovered the substance in a vacuum-sealed plastic bag concealed within a shoebox in a bathroom cabinet. *See generally Massey*, 287 N.C. App. at 511, 882 S.E.2d at 749. The jury was also presented with evidence of the quantity of the substance, a net weight of "62.45 plus or minus 0.06 grams." *See Nettles*, 170 N.C. App. at 106, 612 S.E.2d at 176. Additionally, officers recovered a small scale in the same room where the substance was found. Considering all the evidence, a reasonable juror could infer the substance was marijuana. *See Booth*, 286 N.C. App. at 79–80, 879 S.E.2d at 376; *see also State v. Adams,* 285 N.C. App. 379, 383–84, 877 S.E.2d 721, 725–26 (2022).

Although Defendant does not challenge or argue the remaining elements of the two charged offenses, we note there is sufficient evidence, in the light most favorable to the State, to permit a reasonable juror to conclude that Defendant was guilty. *See Taylor*, 362 N.C. at 538, 669 S.E.2d at 261; *see also Adams*, 285 N.C. App. at 384, 877 S.E.2d at 726. The State presented sufficient evidence that Defendant constructively possessed marijuana. For example, a prescription pill bottle bearing Defendant's name was found on the cabinet where the marijuana was located. *See State v. Chekanow*, 370 N.C. 488, 496, 809 S.E.2d 546, 552 (2018) ("In determining whether

sufficient incriminating circumstances exist to support a finding of constructive possession, [courts consider] . . . other evidence found in the defendant's possession that links the defendant to the contraband."). The State also presented sufficient circumstantial evidence of Defendant's intent to sell or deliver that controlled substance. For instance, the quantity of marijuana found, its storage, and the proximately located small scale. *See Wilkins*, 208 N.C. App. at 731, 703 S.E.2d at 809; *see also Nettles*, 170 N.C. App. at 106, 612 S.E.2d at 176. Accordingly, the trial court properly denied Defendant's motion to dismiss the charges.

### III.  Conclusion

For the above reasons, we hold the trial court properly denied Defendant's motion to dismiss the charges of felony possession of marijuana and possession with intent to sell or deliver marijuana.

NO ERROR.

Judge STROUD concurs by separate opinion.

Judge MURRY concurs.

Report per Rule 30(e).

No. COA24-801 – *State v. Arzamendia*

STROUD, Judge, concurring.

For the reasons I discuss in my concurrence in *State v. Hensley*, I concur in the majority opinion except as to any citation of this Court's unpublished cases.  *See* 254 N.C. App. 173, 183, 802 S.E.2d 744, 751 (2017) (Stroud, J., concurring).