STATE OF NORTH CAROLINA v. JERRY WILLIAMS

No. 838SC1307

(Filed 6 November 1984)

**1. Searches and Seizures § 3— search of abandoned jacket**

The trial court properly found that defendant abandoned any expectation of privacy in his jacket when he dropped it in a public place while fleeing from officers, and marijuana found during a search of the jacket was admissible in evidence without any finding as to probable cause for the search.

**2. Constitutional Law § 28— officer's accidental firing of revolver—no constitutional violation**

An officer's accidental discharge of his revolver while chasing the fleeing defendant did not constitute a flagrant violation of defendant's Fourth Amendment rights requiring a dismissal of a charge against defendant for possession of marijuana with intent to sell and deliver.

**3. Constitutional Law § 67— identity of informant**

In a prosecution for possession of marijuana with intent to sell and deliver, the trial court did not err in denying defendant's motion for the disclosure of the name of a confidential informant where defendant made no showing that the identity of the informant was essential, relevant or even helpful to his defense.

**4. Constitutional Law § 30— police report—denial of in-camera inspection**

The trial court did not err in denying defendant's motion for an *in-camera* inspection of a police report discovered during examination of a law officer, since internal reports of law officers are not subject to disclosure. G.S. 15A-904.

**5. Narcotics § 4— intent to sell and deliver marijuana—sufficiency of evidence**

Although evidence that 27.6 grams of marijuana were found in defendant's jacket was insufficient to raise a presumption that the marijuana was possessed for sale and delivery, evidence that the marijuana was packaged in seventeen separate, small brown envelopes known in street terminology as "nickel or dime bags" was sufficient to permit the jury to find that the marijuana was possessed for the purpose of sale and delivery. G.S. 90-95(d).

**6. Criminal Law § 46— mere fact of flight—refusal to give requested instructions**

The trial court did not err in refusing to give defendant's requested instruction as to the mere fact of fleeing from a detective.

APPEAL by defendant from *Strickland, Judge*. Judgment entered 26 August 1983 in Superior Court, WAYNE County. Heard in the Court of Appeals 19 September 1984.

This is a criminal case in which defendant was convicted at a jury trial of felonious possession of marijuana with intent to sell and deliver in violation of G.S. 90-95.

On 26 April 1983, two detectives of the Wayne County Sheriff's Department were approached by a confidential inform-ant who advised the detectives that defendant was in possession of marijuana.

The two detectives operating an unmarked pickup truck, drove into the parking area of a carwash at which defendant and another male were sitting in defendant's automobile. Before the pickup truck was fully stopped, the defendant got out of his auto-mobile and ran. One of the detectives identified himself as a sheriff's deputy and shouted a command for defendant to halt. Defendant allegedly dropped a jacket he had been wearing and continued to run. A shot was fired from the service revolver of the pursuing detective. The State's evidence tended to show the discharge of the service revolver was accidental. The discarded jacket was discovered to contain 17 individual brown envelopes containing marijuana which had a total weight of 27.6 grams. Defendant was later arrested, indicted, tried, convicted and sen-tenced to four years in the custody of the Department of Correc-tions. The other individual who had been sitting in defendant's car jumped a nearby fence and fled. He was not apprehended.

*Attorney General Edmisten, by Assistant Attorney General Dennis P. Myers for the State.*

*John E. Duke, for defendant-appellant.*

EAGLES, Judge.

I

[1] Defendant first assigns as error the trial court's denial of his motion to suppress the marijuana seized from his jacket. We find no error.

Defendant asserts that the trial court failed to find that there was probable cause to search defendant's vehicle or that defendant had drugs in his possession or was committing a crime. We note, however, that the trial court concluded, based on the evidence, that defendant voluntarily discarded and abandoned his

jacket along with any expectation of privacy with respect to the jacket. The jacket was dropped in a public place and defendant continued to flee the area. Therefore, it was not necessary for the trial court to find that there was probable cause to search defendant's vehicle, that defendant had drugs in his possession, or that defendant was committing a crime. Further, in light of the evidence presented by the State, it was not error for the trial court to conclude as a matter of law that defendant had abandoned any expectation of privacy in his jacket. *State v. Teltser*, 61 N.C. App. 290, 300 S.E. 2d 554 (1983).

## II

[2]  Defendant next argues that the trial court erred in denying his motion to dismiss based upon "a flagrant violation of defendant's constitutional rights." We disagree.

Defendant cites no authority for this proposition but argues that since the detective "jumped out of his vehicle with his weapon in his hand, and discharged the weapon by pulling the trigger" that defendant's rights under the Fourth Amendment were violated. Defendant characterizes these actions as "gestapo like."

The State's evidence tends to show that the detectives went to the carwash based on reliable information, that the defendant had marijuana in his possession, that the defendant began to flee when approached by the detectives, that the detective gave chase after identifying himself as a law enforcement officer and ordering defendant to halt, and that the detective then stumbled while in pursuit, causing his service revolver to accidentally discharge. We have examined the record carefully and find no violation of any rights conferred upon defendant by the Fourth Amendment to the Constitution of the United States. While the detective may have been clumsy in the handling of his weapon, there was no evidence to indicate that the detective intentionally fired his weapon at the fleeing defendant.

## III

[3]  Defendant next argues that the trial court erred in denying his motion for the disclosure of the name of the alleged confidential informant. We disagree.

Again, defendant cites no authority in support of his argument. However, we note that unless the disclosure of an informer's identity is relevant and helpful to the defense of the accused or is essential to a fair determination of the case, the defendant is not ordinarily entitled to disclosure of an informer's identity. *State v. Cherry*, 55 N.C. App. 603, 286 S.E. 2d 368, *rev. denied*, 305 N.C. 589, 292 S.E. 2d 572 (1982). Here, defendant has made no showing that the identity of the informant would be essential, relevant, or even helpful to defendant. Defendant shows no prejudice by the trial court's refusal to order disclosure of the identity of the informant.

IV

[4] Defendant next argues that the trial court erred in denying his motion for an *in-camera* inspection of a police report discovered during examination of a law enforcement witness. We disagree.

While examining a law enforcement witness, defendant discovered that the witness had prepared a report of the incident in question for the sheriff. Defendant alleges that this violated the continuing duty to disclose pursuant to G.S. 15A-907. However, G.S. 15A-904 provides that internal reports of law enforcement officers are not subject to disclosure. See also, *State v. Gillespie*, 33 N.C. App. 684, 236 S.E. 2d 190 (1977).

V

[5] Defendant next argues that the trial court committed error in refusing to dismiss the first count of the indictment. We disagree.

Count one of the indictment charges that defendant unlawfully and willfully possessed marijuana with the intent to sell and deliver. The basis of defendant's argument is that the amount of marijuana, 27.6 grams (there are 28.35 grams in one ounce), recovered from defendant's jacket is insufficient to raise a presumption that the marijuana was possessed for sale and delivery, a felony. Defendant cites G.S. 90-95(d) in support of his argument which provides a maximum punishment of a fine not to exceed more than $100.00 for the possession of less than one ounce of marijuana. Defendant's argument would be persuasive except for the

evidence of how the 27.6 grams of marijuana was packaged. The evidence at trial showed that the marijuana in question was packaged in seventeen separate, small brown envelopes known in street terminology as "nickel or dime bags." "Nickel or dime bags" are the units in which small amounts of marijuana are generally sold for five or ten dollars. The method of packaging a controlled substance, as well as the amount of the substance, may constitute evidence from which a jury can infer an intent to distribute. *State v. Baxter*, 285 N.C. 735, 208 S.E. 2d 696 (1974); see also *State v. Casey*, 59 N.C. App. 99, 296 S.E. 2d 473 (1982). While it is true that there was no direct evidence that defendant possessed the 27.6 grams of marijuana for sale and delivery, the circumstances of the packaging could be considered by the jury in finding defendant guilty of the felony offense. See, *State v. Childers*, 41 N.C. App. 729, 255 S.E. 2d 654, *cert. denied*, 298 N.C. 302, 259 S.E. 2d 916 (1979).

## VI

[6]   Defendant next argues that the trial court erred in refusing to submit a requested instruction as to the mere fact of fleeing from the detective.

Defendant cites no authority for the proposition advanced herein and fails to show how he was prejudiced by the refusal of the trial court to instruct the jury as defendant requested. We find nothing in the record that would lead us to conclude that defendant was entitled to the requested instruction. Any error that might have been committed in refusing defendant's proffered instruction is harmless. The result here might be different if the trial court had instructed the jury that an accused's flight from the scene of a crime is competent evidence on a question of guilt. *State v. Jones*, 292 N.C. 513, 234 S.E. 2d 555 (1977). However, such an instruction was not requested by the State nor was it given by the trial court.

For the reasons herein mentioned, we find no error in the trial of this case. Defendant's further assignments of error are without merit.

No error.

Judges WEBB and BRASWELL concur.