STATE OF NORTH CAROLINA v. KENDRICK WILKINS, Defendant

No. COA10-634

(Filed 21 December 2010)

**Drugs— marijuana—intent to sell or deliver—evidence not sufficient—simple possession as lesser-included offense**

A conviction and sentence for felonious possession of marijuana with intent to sell or deliver were vacated and the case remanded for entry of judgment for simple possession where defendant was found with 1.89 grams of marijuana in three small plastic bags and $1,264 in cash. The amount of marijuana alone was not sufficient for intent to sell or deliver; the packaging was just as likely to indicate a consumer as a dealer; and the presence of cash alone was not sufficient to raise the inference of dealing. The charge of simple possession is a lesser-included offense of possession with intent to sell or distribute.

Appeal by defendant from judgment entered 13 January 2010 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 3 November 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Charles G. Whitehead, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Emily H. Davis, for defendant-appellant.*

HUNTER, Robert C., Judge.

Kendrick Wilkins ("defendant") appeals from a judgment entered after a jury found him guilty of felonious possession of marijuana with intent to sell or deliver ("PWISD"). Defendant argues that the trial court erred in denying his motion to dismiss the charge. After careful review, we vacate defendant's sentence and remand for resentencing upon a conviction of possession of a controlled substance.

STATE v. WILKINS

[208 N.C. App. 729 (2010)]

## Background

The evidence at trial tended to establish the following facts: On 17 January 2008, defendant was driving a brown Ford Crown Victoria along Raleigh Road in Rocky Mount, North Carolina. Defendant was driving to his mother's house after purchasing cigars at a convenience store. Defendant passed by Rocky Mount Police Officer T.J. Bunt ("Officer Bunt"), who recognized the Crown Victoria as the car typically driven by Rico Battle ("Battle"). Officer Bunt knew that there were several outstanding warrants for Battle so he activated his blue lights and pulled over the Crown Victoria. When Officer Bunt approached the car, he noticed that defendant was the only occupant of the car and that he was wearing a hat and sunglasses. Officer Bunt testified that when he knocked on the driver's side window, defendant "kind of turned . . . away" and "refused to open" the window or the car door. Officer Bunt then opened the driver's side door, and, upon being asked his name, defendant identified himself as Kendrick Wilkins. Officer Bunt knew that there were outstanding warrants for defendant, and after confirming the existence of the warrants, Officer Bunt arrested defendant.

Upon searching defendant subsequent to the arrest, Officer Bunt discovered a small plastic bag inside of defendant's pocket, which contained three smaller bags. Each of the three bags were "tied off" at the top and contained a substance Officer Bunt believed to be marijuana. The substance was later weighed and determined to be 1.89 grams of marijuana. Defendant testified that he purchased the marijuana for personal use and that typically marijuana can be bought in "nickel" or "dime" bags for $5.00 to $10.00 each.

During the pat down, Officer Bunt also found $1,264.00 in cash separated into 60 $20.00 bills, one $10.00 bill, nine $5.00 bills, and nine $1.00 bills. At trial, defendant testified that approximately $1,000.00 of the cash recovered was for a cash bond that his mother gave to him and the remaining $264.00 was from a check he had cashed. Defendant testified that he was carrying cash because he was "on the run" and if he were arrested the bail bondsman would not accept a check. Defendant was charged with PWISD.

At trial, the jury was instructed on PWISD and misdemeanor possession of marijuana. The jury found defendant guilty of PWISD. Defendant was determined to be a record level III for sentencing purposes and the trial court sentenced defendant to a suspended

sentence of 6 to 8 months imprisonment. Defendant was placed on 36 months of supervised probation. Defendant timely appealed to this Court.

Discussion

Defendant's sole argument on appeal is that the trial court erred in denying his motion to dismiss the PWISD charge. We agree.

It is well established that a trial court properly denies a defendant's motion to dismiss if it finds that the State presented substantial evidence of each essential element of the offense charged and that the defendant was the perpetrator. *State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 255 (2002)."Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). "[E]vidence is deemed less than substantial if it raises no more than mere suspicion or conjecture as to the defendant's guilt." *State v. Butler*, 356 N.C. 141, 145, 567 S.E.2d 137, 139-40 (2002). "If the trial court determines that a *reasonable* inference of the defendant's guilt *may* be drawn from the evidence, it must deny the defendant's motion and send the case to the jury even though the evidence may also support reasonable inferences of the defendant's innocence." *State v. Tisdale*, 153 N.C. App. 294, 297, 569 S.E.2d 680, 682 (2002).

Defendant was charged with PWISD pursuant to N.C. Gen. Stat. § 90-95(a)(1) (2009). "While intent [to sell or deliver] may be shown by direct evidence, it is often proven by circumstantial evidence from which it may be inferred." *State v. Nettles*, 170 N.C. App. 100, 105, 612 S.E.2d 172, 175-76, *disc. review denied*, 359 N.C. 640, 617 S.E.2d 286 (2005). "[T]he intent to sell or [deliver] may be inferred from (1) the packaging, labeling, and storage of the controlled substance, (2) the defendant's activities, (3) the quantity found, and (4) the presence of cash or drug paraphernalia." *Id.* at 106, 612 S.E.2d at 176. "Although 'quantity of the controlled substance alone may suffice to support the inference of an intent to transfer, sell, or deliver,' it must be a substantial amount." *Id.* at 105, 612 S.E.2d at 176 (quoting *State v. Morgan*, 329 N.C. 654, 659-60, 406 S.E.2d 833, 835-36 (1991)).

In the present case, only 1.89 grams of marijuana was found on defendant's person, which alone is insufficient to prove that defendant had the intent to sell or deliver. *See State v. Wiggins*, 33 N.C. App. 291, 294-95, 235 S.E.2d 265, 268 (holding that the finding of less than a half pound of marijuana alone was not sufficient to withstand a motion to dismiss), *cert. denied*, 293 N.C. 592, 241 S.E.2d 513 (1977).

Accordingly, we must examine the other evidence presented in the light most favorable to the State.

The State points to the fact that the marijuana seized from defendant was separated into three smaller packages. Officer Bunt testified that marijuana is typically sold "in bags in different sizes." Based on his training and experience, Officer Bunt believed that each bag of marijuana found in defendant's pocket would sell for between $5.00 and $10.00 each. "The method of packaging a controlled substance, as well as the amount of the substance, may constitute evidence from which a jury can infer an intent to distribute." *State v. Williams*, 71 N.C. App. 136, 139, 321 S.E.2d 561, 564 (1984) (holding that the trial court did not err in denying defendant's motion to dismiss where "[t]he evidence at trial showed that the [27.6 grams of] marijuana . . . was packaged in seventeen separate, small brown envelopes known in street terminology as 'nickel or dime bags' "); *see also In re I.R.T.*, 184 N.C. App. 579, 589, 647 S.E.2d 129, 137 (2007) ("Cases in which packaging has been a factor have tended to involve drugs divided into smaller quantities and packaged separately."); *State v. McNeil*, 165 N.C. App. 777, 783, 600 S.E.2d 31, 35 (2004) (finding an intent to sell or deliver where defendant possessed 5.5 grams of cocaine separated into 22 individually wrapped pieces), *aff'd*, 359 N.C. 800, 617 S.E.2d 271 (2005); *State v. Carr*, 122 N.C. App. 369, 373, 470 S.E.2d 70, 73 (1996) (holding that there was sufficient evidence of intent to sell or deliver where the defendant was in possession of one large cocaine rock and eight smaller rocks). The State has not pointed to a case, nor have we found one, where the division of such a small amount of a controlled substance constituted sufficient evidence to survive a motion to dismiss. Moreover, the 1.89 grams was divided into only three separate bags. While small bags may typically be used to package marijuana, it is just as likely that defendant was a consumer who purchased the drugs in that particular packaging from a dealer. Consequently, we hold that the separation of 1.89 grams of marijuana into three small packages, worth a total of approximately $30.00, does not raise an inference that defendant intended to sell or deliver the marijuana.

In addition to the packaging, we must also consider the fact that defendant was carrying $1,264.00 in cash. *Nettles*, 170 N.C. App. at 105, 612 S.E.2d at 175-76. "However, unexplained cash is only one factor that can help support the intent element." *I.R.T.*, 184 N.C. App. at 589, 647 S.E.2d at 137. Upon viewing the evidence of the packaging and the cash "cumulatively," we hold that the evidence is insufficient

to support the felony charge. *Id.* Had defendant possessed more than 1.89 grams of marijuana, or had there been additional circumstances to consider, we may have reached a different conclusion; however, given the fact that neither the amount of marijuana nor the packaging raises an inference that defendant intended to sell the drugs, the presence of the cash as the only additional factor is insufficient to raise the inference. *See id.* ("[T]he presence of cash, alone, is insufficient to infer an intent to sell or distribute.").

The present case is similar to *Nettles* where this Court held that possession of a small amount of crack cocaine along with $411.00 and a safety pen, which is typically used to clean a crack pipe, was insufficient to support a charge of possession with intent to sell or deliver. 170 N.C. App. at 107, 612 S.E.2d at 176-77. This Court held that "[v]iewed in the light most favorable to the State, the evidence tends to indicate defendant was a drug user, not a drug seller." *Id.* We believe the totality of the circumstances in this case compels the same conclusion. Defendant possessed a very small amount of marijuana that was packaged in three small bags and he had $1,264.00 in cash on his person. The evidence in this case, viewed in the light most favorable to the State, indicates that defendant was a drug user, not a drug seller.

"The charge of simple possession, however, is a lesser included offense of possession with intent to sell or distribute." *I.R.T.*, 184 N.C. App. at 589, 647 S.E.2d at 137. " 'When [the trier of fact] finds the facts necessary to constitute one offense, it also inescapably finds the facts necessary to constitute all lesser-included offenses of that offense.' " *State v. Turner*, 168 N.C. App. 152, 159, 607 S.E.2d 19, 24 (2005) (quoting *State v. Squires*, 357 N.C. 529, 536, 591 S.E.2d 837, 842 (2003), *cert. denied*, 124 S. Ct. 2818, 159 L. Ed. 2d 252 (2004)). Consequently, when the jury found defendant guilty of possession with intent to sell or deliver, it necessarily found him guilty of simple possession of a controlled substance. *Id.* Consequently, we vacate defendant's sentence and remand for entry of a judgment "as upon a verdict of guilty of simple possession of marijuana." *State v. Gooch*, 307 N.C. 253, 258, 297 S.E.2d 599, 602 (1982).

Vacated and Remanded.

Judges ELMORE and JACKSON concur.