TYSON, Judge.
*185 Asaiah Ben Yisrael ("Defendant") appeals from a judgment entered upon a jury's verdict finding him guilty of possession with intent to sell or deliver marijuana. We find no error.
I. Background
Raleigh Police Officer Dennis Brandenburg was employed as the school resource officer at Enloe Magnet High School. On 30 October 2015 at approximately 10:00 a.m., Officer Brandenburg observed a white Chevrolet Impala vehicle pull into the front entrance of the school and illegally park in the fire lane. Officer Brandenburg recognized the vehicle as belonging to Malik Jones ("Jones"), a former Enloe student, who had previously been banned from the school's grounds for marijuana possession.
Officer Brandenburg believed Jones was driving the vehicle. He pulled in behind the vehicle and activated the blue lights on his marked patrol car. Officer Brandenburg approached the car and intended to *186 ask Jones why he was illegally present on school property after being banned. When he reached the driver's side, Officer Brandenburg saw Defendant was the driver and was alone in the car. Officer Brandenburg did not recognize Defendant. Defendant, who was twenty years old, told Officer Brandenburg that he did not possess a driver's license, but presented an identification card.
At trial, Jones testified he had allowed Defendant to borrow his car the night before so that Defendant could "go out." Jones had allowed Defendant to borrow his car on four or five prior occasions.
While speaking with Defendant, Officer Brandenburg noticed a strong odor of marijuana emanating from inside the vehicle. The odor of marijuana prompted Officer Brandenburg to detain Defendant and search both him and the car.
Officer Brandenburg recovered $1,504.00 in cash and a small "dime bag" of marijuana from inside Defendant's pockets. The officer explained a "dime bag" is normally a gram of marijuana. The "dime bag" of marijuana was packaged in a cut corner of a plastic bag, which, according to Officer Brandenburg, is how a "dime bag" is normally sold. A small amount of marijuana is placed into each corner of a "baggie," and the corners are tied off and cut.
Officer Brandenburg also found two larger bags of marijuana in the center console of the Impala. Subsequent analysis of the three bags of marijuana determined that the weight of the "dime bag" was 0.69 grams, and the weight of the two larger bags was 4.62 grams and 5.57 grams.
Officer Brandenburg recovered no empty baggies or scales from inside the car or from Defendant. Jones' driver's license was also found in the center console. Officer Brandenburg also recovered a loaded .40-caliber Glock handgun in the glove compartment, which was later determined to have been stolen. Jones testified at Defendant's trial and denied he owned the drugs or the stolen and loaded handgun found inside his car.
Defendant was indicted and tried upon charges of felonious possession with intent to sell or deliver marijuana and felonious possession of a weapon on educational property. Prior to trial, Defendant conceded he possessed the two bags of marijuana recovered from the center console of the vehicle. When questioned by the trial court during a Harbison hearing, Defendant stated he understood and agreed with defense counsel's decision to concede this fact before the jury. See State v. Harbison , 315 N.C. 175, 337 S.E.2d 504 (1985), cert. denied , *187 476 U.S. 1123, 106 S.Ct. 1992, 90 L.Ed.2d 672 (1986). In his initial brief before this Court, Defendant argued insufficient evidence was presented that he constructively possessed the marijuana recovered from the center console. Defendant subsequently filed a reply brief and expressly withdrew this argument due to the stipulation he had entered at the Harbison hearing.
The jury returned a verdict of not guilty on the charge of possession of a weapon on educational property, but found Defendant *744 guilty of possession with intent to sell or deliver marijuana. The trial court sentenced Defendant to a suspended term of six to seventeen months' imprisonment and placed him on supervised probation for twenty-four months. Defendant appeals.
II. Jurisdiction
Jurisdiction lies in this Court from final judgment of the superior court entered upon the jury's verdict pursuant to N.C. Gen. Stat. §§ 7A-27(b)(1) and 15A-1444(a) (2015).
III. Possession with Intent to Sell or Deliver Marijuana
Defendant argues the trial court erred by denying his motion to dismiss. Defendant asserts the State failed to present sufficient evidence of his intent to sell or deliver marijuana and the evidence shows the marijuana in Defendant's possession was for personal use. We disagree.
A. Standard of Review
"This Court reviews the trial court's denial of a motion to dismiss de novo ." State v. Smith , 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (citation and quotation marks omitted), cert. denied , 531 U.S. 890, 121 S.Ct. 213, 148 L.Ed. 2d 150 (2000). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State , giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." State v. Rose , 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), cert. denied , 515 U.S. 1135, 115 S.Ct. 2565, 132 L.Ed. 2d 818 (1995) (emphasis supplied).
B. Evidence of Defendant's Intent to Sell or Deliver
"The offense of possession with intent to sell or deliver has the following three elements: (1) possession of a substance; (2) the substance *188 must be a controlled substance; (3) there must be intent to sell or distribute the controlled substance." State v. Carr , 145 N.C. App. 335, 341, 549 S.E.2d 897, 901 (2001) (citing N.C. Gen. Stat. § 90-95(a)(1) ).
While intent [to sell or deliver] may be shown by direct evidence, it is often proven by circumstantial evidence from which it may be inferred. [T]he intent to sell or [deliver] may be inferred from (1) the packaging, labeling, and storage of the controlled substance, (2) the defendant's activities, (3) the quantity found, and (4) the presence of cash or drug paraphernalia. Although quantity of the controlled substance alone may suffice to support the inference of an intent to transfer, sell, or deliver, it must be a substantial amount.
State v. Wilkins, 208 N.C. App. 729, 731, 703 S.E.2d 807, 809-10 (2010) (citations and internal quotation marks omitted).
On numerous occasions, this Court has applied these four and other related factors to determine whether the evidence was sufficient to permit the jury to infer the defendant possessed a controlled substance with the intent to sell or deliver and overcome the defendant's motion to dismiss.
1. Quantity of Illegal Drugs
In some cases, the amount of the controlled substance recovered, standing alone, is sufficient to allow the jury to find the defendant possessed the requisite intent to sell or deliver. See , e.g ., State v. Morgan , 329 N.C. 654, 660, 406 S.E.2d 833, 836 (1991) (one ounce or 28.3 grams of cocaine "was sufficient evidence to support the inference that defendant intended to deliver or sell the cocaine"); cf. State v. Wiggins , 33 N.C. App. 291, 294-95, 235 S.E.2d 265, 268 (evidence insufficient to support an inference the defendant intended to sell or deliver where 215.5 grams of marijuana was seized without evidence of any packaging paraphernalia related to rolling or weighing), cert. denied , 293 N.C. 592, 241 S.E.2d 513 (1977).
Here, a total of 10.88 grams of marijuana was recovered from Defendant's person and inside the vehicle's console. The two baggies inside the console contained a total of 10.19 *745 grams, while the "dime bag" recovered from inside Defendant's pocket contained .69 grams of marijuana. The amount of marijuana found on Defendant's person and inside the vehicle's console might not be sufficient, standing alone, to support an inference that Defendant intended to sell or deliver marijuana. See *189 Wilkins , 208 N.C. App. at 731-32, 703 S.E.2d at 810 (Because the quantity of marijuana "alone is insufficient to prove that defendant had the intent to sell or deliver[,] ... we must examine the other evidence presented in the light most favorable to the State."). Defendant's admitted possession, together with other surrounding circumstances and evidence recovered, were sufficient to overcome Defendant's motion to dismiss and permit the jury to infer Defendant had the intent to sell or deliver marijuana.
2. Packaging of Illegal Drugs
The 10.88 grams of marijuana was packaged in three plastic bags. The two bags recovered from the center console contained a similar amount of marijuana (4.62 and 5.57 grams), and were considerably larger than the "dime bag" found upon Defendant's person. Officer Brandenburg testified one gram of marijuana, or a "dime bag," has a street value of twenty to twenty-five dollars.
The dissenting opinion cites the testimony of Officer Brandenburg, and discusses the "quality" of marijuana contained in the two bags found in the center console. Officer Brandenburg testified:
They were in larger bags, and if memory serves me right, they were more of what I would consider remnant marijuana, from where-if you were to bag up the dime bags, this would be the remnant stuff that didn't have as many buds and stuff in it as the regular marijuana, or the sellable marijuana.
Officer Brandenburg also testified the marijuana in the two larger bags "would typically need to be divided up into smaller bags to be sold."
The dissenting opinion concludes the clear implication of Officer Brandenburg's testimony was that the "remnant marijuana" he found in the console was "not of a quality typically offered for sale." The equal or stronger implication of Officer Brandenburg's testimony is that Defendant possessed marijuana for sale. Marijuana that is not "sellable" is unlikely to be "useable." It seems that an individual who purchases marijuana from a dealer solely for personal use would have no reason to possess the remnant or "unsellable" marijuana. The presence of two larger bags of marijuana containing "remnant" marijuana suggests the bags had been obtained in bulk and partially picked through for packaging "regular" or "sellable" marijuana. Defendant also possessed a dime bag of marijuana, which is how Officer Brandenburg testified that marijuana is packaged to sell. The packaging and possession of both the "sellable" and "unsellable" marijuana is evidence which raises an *190 inference and from which the jury could determine Defendant had the intent to sell marijuana.
3. Large Quantity of Unsourced Cash
While the amount and packaging of the marijuana arguably might raise an issue whether Defendant possessed for personal use or the intent to sell or deliver, these factors are for the jury to decide and are not solely determinative of whether the charge was properly submitted to the jury. The uncontroverted evidence also shows Defendant, twenty years old, was carrying a large amount of cash ($1,504.00) on his person and was on the grounds of a high school while possessing illegal drugs. The cash found upon Defendant was also presented as evidence for the jury to view, and the prosecutor stated during his closing argument that the denominations of the cash consisted of ten, twenty, and one-hundred dollar bills.
The presence of cash is another factor that case precedents require us to consider to determine whether possession of illegal drugs with the intent to sell or deliver may be inferred. Id . at 731, 703 S.E.2d at 809-10 ; see also State v. Alston , 91 N.C. App. 707, 711, 373 S.E.2d 306, 310 (1988) (holding the large amount of cash on the defendant's person supported an inference that the defendant had the intent to sell or deliver the 4.27 grams of cocaine packaged in twenty separate envelopes).
*746 4. Stolen and Loaded Handgun
A stolen and loaded handgun was also recovered from inside the glove compartment of the vehicle. Jones denied any connection to the handgun. While the presence or possession of a firearm is not specifically listed as a Wilkins factor to determine intent to sell or deliver a controlled substance, see Wilkins, 208 N.C. App. at 731, 703 S.E.2d at 809-10, this Court has specifically recognized: "As a practical matter, firearms are frequently involved for protection in the illegal drug trade." State v. Smith , 99 N.C. App. 67, 72, 392 S.E.2d 642, 645 (1990), cert. denied , 328 N.C. 96, 402 S.E.2d 824 (1991).
The dissenting opinion does not recognize the presence of the stolen and loaded firearm in the glove compartment of the vehicle Defendant was driving as relevant to our consideration of whether Defendant's intent can be inferred, and views the packaging of the marijuana and cash recovered from Defendant as the only pertinent factors. Neither the Supreme Court of North Carolina nor this Court has ever recognized the factors set forth in Wilkins as exclusive.
*191 This Court has specifically determined "the presence of a gun was relevant to the possession [of cocaine with intent to manufacture, sell, or deliver] and trafficking charges." State v. Boyd , 177 N.C. App. 165, 171, 628 S.E.2d 796, 802 (2006) ; see also State v. Willis , 125 N.C. App. 537, 543, 481 S.E.2d 407, 411 (1997) (recognizing the "common-sense association of drugs and guns").
On numerous occasions our federal courts have also recognized the nexus between the presence or use of a firearm and the intent to sell or deliver controlled substances. See, e.g., United States v. White , 969 F.2d 681, 684 (8th Cir. 1992) ("Because a gun is 'generally considered a tool of the trade for drug dealers, [it] is also evidence of intent to distribute.' " (quoting United States v. Schubel , 912 F.2d 952, 956 (8th Cir. 1990) )); United States v. Rush , 890 F.2d 45, 49-52 (7th Cir. 1989) (A loaded firearm found in a car defendant was approaching when arrested was relevant to show possession of heroin with intent to distribute, because the weapon was a "tool of the trade," and was an "essential part of the crime of possession with intent to distribute."); United States v. Dunn , 846 F.2d 761, 764 (D.C. Cir. 1988) (A loaded firearm found on the couch near the defendant was a "tool of the narcotic trade," and supported inference of intent to distribute where defendant constructively possessed drugs recovered from inside the house.).
The presence of a stolen and loaded handgun, a "tool of the trade for drug dealers," inside the vehicle and readily accessible to Defendant, is certainly relevant to and is another factor the court should consider in determining whether Defendant had the intent to sell or deliver an illegal substance. White, 969 F.2d at 684 ; Boyd , 177 N.C. App. at 171, 628 S.E.2d at 802. The registered owner of the vehicle testified neither the drugs nor the stolen and loaded firearm belonged to him.
Despite our precedents, the dissenting opinion does not consider the additional presence of the stolen and loaded firearm as an intent factor and cites this Court's decision in Wilkins to vote to reverse the jury's verdict. In Wilkins , the defendant possessed 1.89 grams of marijuana, contained within three separate "tied off" bags. Wilkins , 208 N.C. App. at 730, 703 S.E.2d at 809. The defendant also carried $1,264.00 in cash. Id . The defendant testified that he had purchased the marijuana for personal use. Id. He further testified that approximately $1,000.00 of the cash recovered was money his mother had given him for a cash bond because he was "on the run," and the remaining $264.00 was from a check he had cashed. Id .
*192 This Court considered the amount and packaging of the marijuana and the presence of explained cash on the defendant's person, and determined the evidence was insufficient to permit the jury to determine whether the defendant intended to sell or deliver the marijuana. Id. at 732-33, 703 S.E.2d at 810.
Wilkins is distinguishable from the facts and circumstances before us. In Wilkins , the defendant possessed only a small fraction of the amount of marijuana that Defendant possessed here, and the value of the marijuana was only thirty dollars. Id . at 732, 703 S.E.2d at 810. Here, no legitimate source is in the record for the $1,504.00 multi-denominations *747 of cash recovered from Defendant's person and introduced before the jury.
The dissenting opinion also cites State v. Nettles , 170 N.C. App. 100, 612 S.E.2d 172, disc. review denied , 359 N.C. 640, 617 S.E.2d 286 (2005). In that case, officers found 1.2 grams of crack cocaine, consisting of four or five rocks, rolled in a napkin under the floor mat of a vehicle parked in the defendant's yard. Id . at 104, 612 S.E.2d at 175. The defendant was inside the house with $411.00 in cash on his person. Id . This Court determined the evidence was insufficient to show intent to sell or deliver the cocaine. Id . at 108, 612 S.E.2d at 177.
This Court explained that the defendant was not carrying a large amount of cash; the defendant stated the source of the cash was part of the money he had received from cashing his social security check; the officers could not state whether the money was in the defendant's pocket or wallet; and, the officers did not discover any other money on the premises. Id . at 107, 612 S.E.2d at 176-77. Here, Defendant was carrying a significantly larger amount of cash, consisting of ten, twenty, and hundred-dollar bills, with the marijuana and a stolen and loaded handgun.
The following cumulative factors were present in this case, which distinguish it from Wilkins and Nettles : (1) possessing illegal drugs on high school grounds where Defendant was not a student; (2) possessing "unsellable" remnant marijuana in two larger bags near a "dime bag" of "sellable" marijuana; (3) driving a vehicle owned by Jones, who had been banned from the school for possession of drugs; (4) driving the vehicle without a driver's license; (5) illegally parking the vehicle in a fire lane near the school's entrance at 10:00 a.m.; and, (6) with the presence of a stolen and loaded handgun inside the vehicle.
The presence of the stolen and loaded firearm in this case is relevant to ruling on Defendant's motion to dismiss, even though the jury returned a verdict of not guilty of possessing a weapon on educational *193 property. We review the totality of the evidence on Defendant's motion to dismiss in the light most favorable to the State to determine its sufficiency to submit the charge to the jury. Rose , 339 N.C. at 192, 451 S.E.2d at 223. The jury's ultimate determination on the separate crime is not relevant to whether the trial court properly denied Defendant's motion to dismiss the charge of possession with intent to sell or deliver marijuana and submitted the charge to the jury.
"In 'borderline' or close cases, our courts have consistently expressed a preference for submitting issues to the jury[.]" State v. Hamilton , 77 N.C. App. 506, 512, 335 S.E.2d 506, 510 (1985), disc. review denied , 315 N.C. 593, 341 S.E.2d 33 (1986).
This quantity of illegal drugs and its packaging, together with Defendant's access to Jones' vehicle since the previous evening; his illegal presence on high school grounds; the large amount of unsourced cash on Defendant's person; and the stolen and loaded handgun is sufficient to support a reasonable inference that Defendant intended to sell or deliver the marijuana he admittedly possessed, when reviewed in the light most favorable to the State. Jones, the owner of the vehicle, denied ownership of either the marijuana or the handgun. Defendant's argument is overruled. The trial court's ruling on Defendant's motion to dismiss is affirmed.
IV. Conclusion
The cumulative evidence, properly viewed in the light most favorable to the State, is sufficient for the trial court to submit and permit the jury to consider the intent element of possession with intent to sell or deliver marijuana. The trial court did not err and correctly denied Defendant's motion to dismiss.
We find no error in the denial of Defendant's motion to dismiss, the jury's conviction, or in the judgment entered thereon. It is so ordered .
NO ERROR.
Judge DILLON concurs.
Chief Judge McGEE dissents with separate opinion.