IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-604

Filed 3 June 2026

New Hanover County, Nos. 23CR002897-640, 23CR002898-640, 23CR002899-640,23CR002900-640, 23CR286639-640

STATE OF NORTH CAROLINA

v.

BREON JAQUEL WILLIAMS TYSON

Appeal by Defendant from judgments entered 5 September 2024 by Judge Richard Kent Harrell in New Hanover County Superior Court. Heard in the Court of Appeals 26 February 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Colleen M. Crowley, for the State.*

> *Appellate Defender Glenn Gerding and Assistant Appellate Defender Aaron Thomas Johnson, for the Defendant-Appellant.*

WOOD, Judge.

Breon Jaquel Williams Tyson ("Defendant") appeals the judgment entered upon a jury verdict finding him guilty of second-degree sexual exploitation of a minor. On appeal Defendant argues the trial court erred by denying his motion to dismiss for insufficient evidence on the charge of second-degree sexual exploitation of a minor. For the reasons stated herein, we hold Defendant received a fair trial free from error.

## I.    Factual and Procedural Background

In April 2023, Defendant hired Ian[1], who was fourteen years old at the time, to work at his ice cream shop located in Carolina Beach.  Defendant regularly communicated with his employees, including Ian, via Snapchat and text message and would also occasionally drive Ian home after his work shifts ended.  However, shortly after Ian began working at the ice cream shop, the text messages exchanged between Defendant and Ian became sexual in nature.  Ian did not tell his parents about these messages from Defendant but did tell a friend about them; Ian's friend told her mother about the inappropriate messages who then reported the inappropriate behavior to the police.

Sergeant Ronald Beasley ("Sergeant Beasley") of the New Hanover County Sheriff's Office took the report from Ian's friend's mother.  On 19 April 2023, Sergeant Beasley and Detective Kelsi Allen ("Detective Allen") met with Ian at his high school to discuss the allegations.  Ian reported to Sergeant Beasley and Detective Allen that:

> [Defendant] had been relentlessly soliciting him via text message, Snapchat, for naked videos of himself, for masturbation videos depicting [Ian] and that on one occasion [Defendant] had actually told [Ian] to go into the bathroom, [and] had him remove his pants.
>
> [Ian] said he was embarrassed and pulled his shirt down, at which point [Defendant] lifted his shirt up, stared at his genitals, and said, See that wasn't so hard, was it?
>
> He also said that [Defendant] had sent him sexually

---

[1] Pseudonym used to protect the identity of the minor victim.

> explicit videos which [Ian] at the time believed were [Defendant]; however, as it turns out, they were just pornographic videos that had been pulled from the Internet.

The following day, Sergeant Beasley and Detective Allen obtained and executed an arrest warrant for Defendant based on their conversation with Ian.

On 23 October 2023, Defendant was indicted on a total of (1) five counts of taking indecent liberties with a child pursuant to N.C. Gen. Stat. § 14-202.1; (2) five counts of solicitation of a child by computer pursuant to N.C. Gen. Stat. § 202.3(a); and (3) one count of second-degree sexual exploitation of a minor pursuant to N.C. Gen. Stat. § 14-190.17. On 3 September 2024, the trial court granted the State's pre-trial motion to join all offenses for trial as they were based on "allegations of the same act or transaction, or series of acts or transactions, or connected together or constituting parts of a single scheme or plan."

Trial commenced on 3 September 2024. Ian, Ian's mother, Sergeant Beasley, and Detective Eric Kelley a digital forensic examiner of the New Hanover County Sheriff's Office testified for the State. The State presented text messages sent between Ian and Defendant along with the video recording of Defendant's interview from the day of his arrest with Sergeant Beasley and Detective Allen. The testimony and evidence presented tended to corroborate the allegations Ian made when he first spoke with Sergeant Beasley and Detective Allen on 19 April 2023.

At the close of the State's evidence, Defendant made a motion to dismiss arguing that the State presented insufficient evidence because there was no evidence of a specific video or photo already in existence that Defendant requested from Ian; the trial court denied the motion. Defendant did not present any additional evidence but renewed his motion to dismiss at the close of all evidence. The trial court again denied Defendant's motion to dismiss.

During closing arguments, defense counsel asserted in reference to the charge of second-degree sexual exploitation of a minor:

> If this statute [N.C. Gen. Stat. § 14-190.17] were designed to be talking about asking someone to make a video, there would be no part two, because why would you say the defendant knew the character and the content of the material if he's just asking for a video? This statute specifically is talking about *a video or material that already exists*.

The State objected and the trial court sustained the objection. The trial court ultimately instructed the jury, in relevant part:

> The defendant has been charged with second degree sexual exploitation of a minor. For you to find the defendant guilty of this offense, the State must prove two things beyond a reasonable doubt:
>
> First: That defendant *solicited material* that contains a visual representation of a minor engaged in sexual activity. Sexual activity includes masturbation, done alone or with another person; or the lascivious exhibition of the genitals of any person; and, second: That the defendant knew the character or content of the material.
>
> . . .

> If you find from the evidence beyond a reasonable doubt that on or about the alleged date [Defendant] *solicited material* that contains a visual representation of a minor engaged in sexual activity and that [Defendant] knew the character or content of the material, it would be your duty to return a verdict of guilty.

The jury returned guilty verdicts on all charges.

The trial court consolidated the charges into three judgments, found Defendant to be a prior record level one, and sentenced Defendant to: (1) 16 to 80 months of imprisonment for the consolidated charges of second-degree sexual exploitation of a minor; (2) 16 to 29 months of imprisonment for the consolidated charges of solicitation of a child by a computer and taking indecent liberties with a child; and (3) 16 to 29 months of imprisonment for the consolidated charges of taking indecent liberties with a child and solicitation of a child by a computer. The trial court ordered all judgments to run consecutively and suspended the second and third judgments for 60 months of supervised probation. The trial court further ordered Defendant to register as a sex offender for a period of 30 years and deferred the determination of satellite-based monitoring to a later date to allow the Static-99 evaluation to be completed. Defendant gave oral notice of appeal following sentencing.

## II. Analysis

Defendant raises one issue on appeal. Defendant argues the trial court erred by denying his motion to dismiss on the charge of second-degree sexual exploitation of a minor because the State failed to present sufficient evidence. We disagree.

## A. Standard of Review

A motion to dismiss for insufficient evidence is reviewed *de novo* to determine:

> whether there is substantial evidence of each essential
> element of the offense charged and of the defendant being
> the perpetrator of the offense. Substantial evidence is
> relevant evidence that a reasonable person might accept as
> adequate, or would consider necessary to support a
> particular conclusion. All evidence is viewed in the light
> most favorable to the State and the State receives the
> benefit of every reasonable inference supported by that
> evidence.

*In re J.D.*, 376 N.C. 148, 155, 852 S.E.2d 36, 42 (2020) (cleaned up). Evidence that

may support a contrary inference is not determinative on a motion to dismiss. *State*

*v. Blagg*, 377 N.C. 482, 488, 858 S.E.2d 268, 273 (2021). "In borderline or close cases,

our courts have consistently expressed a preference for submitting issues to the jury."

*Id.* at 489, 858 S.E.2d at 273 (quoting *State v. Yisrael*, 255 N.C. App. 184, 193, 804

S.E.2d 742, 747 (2017)).

## B. Second-Degree Sexual Exploitation of a Minor

Defendant argues the trial court erred by denying his motion to dismiss for

insufficient evidence on the charge of second-degree sexual exploitation of a minor.

Specifically, Defendant argues N.C. Gen. Stat. § 14-190.17(a)(2) requires more than

the mere solicitation of material, but that the solicited material actually exists.

Because Ian testified that he never sent the video of his genitals that Defendant

requested from him and as no such video was presented as evidence, Defendant

contends there was insufficient evidence to support the charge. In contrast, the State

argues that because Defendant was specifically indicted and charged with violating the subsection which includes the *solicitation* of material containing a visual representation of a minor engaged in sexual activity, whether or not Ian created the video Defendant requested is immaterial. We agree.

At the time of Defendant's arrest and at trial, the relevant portion of the statute read:

> (a) Offense.-- A person commits the offense of second degree sexual exploitation of a minor if, knowing the character or content of the material, he:
>
> . . .
>
> (2) Distributes, transports, exhibits, receives, sells, purchases, exchanges, or *solicits material that contains a visual representation of a minor engaged in sexual activity*.

N.C. Gen. Stat. § 14-190.17(a)(2) (2023) (emphasis added).[2]

Defendant relies on *State v. Fletcher* and *State v. Walker* to support his argument. In *Fletcher* our Supreme Court discussed the three separate statutes criminalizing the sexual exploitation of a minor: N.C. Gen. Stat. § 14-190.16 first-degree sexual exploitation of a minor; N.C. Gen. Stat. § 14-190.17 second-degree sexual exploitation of a minor; and N.C. Gen. Stat. § 14-190.17A third-degree sexual exploitation of a minor. *State v. Fletcher*, 370 N.C. 313, 320-21, 807 S.E.2d 528, 534-35 (2017). *Fletcher* summarized the requisite conduct under each statute as follows:

---

[2] N.C. Gen. Stat. § 14-190.17 has been revised and its current version became effective in December 2024. However, the relevant portions at issue on appeal did not change.

first-degree sexual exploitation requires "either direct facilitation of the minor's involvement in sexual activity or the production of child pornography for sale or profit"; second-degree sexual exploitation requires a "common thread running through the conduct . . . being that the defendant had taken an active role in the production or distribution of child pornography without directly facilitating the involvement of the child victim in the activities depicted in the material in question"; and third-degree sexual exploitation "prohibits the mere possession of child pornography." *Id.*

Defendant contends *Walker* applied this "three-track understanding" from *Fletcher* when determining whether the trial court plainly erred by not instructing the jury on second-degree sexual exploitation of a minor as a lesser-included offense of first-degree sexual exploitation of a minor. This Court in *Walker* ultimately held that second-degree sexual exploitation of a minor is *not* a lesser included offense of first-degree sexual exploitation of a minor, thus, the trial court did not plainly err by failing to instruct on second-degree sexual exploitation of a minor. *State v. Walker*, 293 N.C. App. 316, 325-26, 900 S.E.2d 145, 152 (2024). Defendant relies on the conclusion made in *Walker* that:

> N.C. Gen. Stat. § 14-190.17(a)(1) requires that there be some type of recording, or in other words, that such illicit material actually was *in existence at some point.* Without an actual recording or photograph of the sexual activity, there would be nothing to prosecute and no violation of N.C. Gen. Stat. § 14-190.17(a)(1).

*Id.* at 324, 900 S.E.2d at 151. While Defendant acknowledges that his case involves subsection (a)(2) and *Walker* involves subsection (a)(1), he nevertheless contends the Court's reasoning for finding that the material must exist at some point to be applicable here.

Regardless of whether the videos Defendant requested Ian make and send him existed, the trial court when considering the motion to dismiss was required to: consider all evidence in the light most favorable to the State; resolve all contradictions in the State's favor; and give the State the benefit of all reasonable inferences that could be drawn in its favor from the evidence presented. *Id.* at 319, 900 S.E.2d at 148. Therefore, the State presented sufficient evidence to support an inference that Defendant solicited sexual materials. Ian testified that Defendant asked him to "send him a video of [his] private parts," and the State introduced into evidence multiple text messages Defendant sent to Ian asking, "When u going to make a video"; "You going make that video Frfr[3] tonight"; "Send both videos on snap actually"; "U still Jack off?!?"; "I was about to say we could bust one"; "I know you can just show me at work tonight in person instead of making a video"; and "Don't forget to send it." We conclude the State presented sufficient competent evidence from which a reasonable jury could find Defendant knew the character or content of the material he was soliciting would necessarily contain a "visual representation of a minor engaged in

---

[3] At trial, Ian testified "FR" is shorthand for "for real."

sexual activity." N.C. Gen. Stat. § 14-190.17(a), (a)(2).

### III.    Conclusion

For the reasons stated herein, we hold the trial court did not err in denying Defendant's motion to dismiss.  The State presented evidence sufficient to submit the charge of second-degree sexual exploitation of a minor  to the jury.  Thus, Defendant received a fair trial free from error.

NO ERROR.

Judges HAMPSON and MURRY concur.